(No. 3683—

LUVILLIA MCDONALD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim was filed January 23, 1942, by Luvillia Mc-Donald, on behalf of herself as the widow of Charles McDonald, under the Workmen's Compensation Act of Illinois for the death of her husband while employed by the State of Illinois. The claimant alleges that she is the widow of Charles McDonald and resides in Roscoe, Winnebago County, Illinois. That on the 26th day of December, 1941, the said Charles McDonald was an employee in the Maintenance Bureau of the Division of Highways of the State of Illinois, and that on that day, about 11:58 A. M., while accompanied by Clark Weller, another employee of the State of Illinois, and while deceased was driving a snowplow truck owned by said Division of Highways across the tracks of the Chicago, Milwaukee, St. Paul and Pacific Railroad just west of Rockton, Illinois, he was then and there struck by the train and killed. That at the time of the accident, which resulted in his death he was being paid by the Division of Highways at the rate of sixty-five cents an hour for an eight hour work day.

Claimant further alleges that in accordance with the provisions of the Workmen's Compensation Act she is entitled to receive the sum of Four Thousand Four Hundred ($4,400.00) Dollars, because of the death of her husband, and further that she is entitled to have the cost of transporting deceased's body from the site of the accident by ambulance service if not paid. She further states that the said Charles McDonald at the time of his death was thirty-five years of age with no dependents, except the claimant.

This claim comes before the court on the claimant's complaint, the stipulation between the parties hereto, including the report of the Division of Highways, dated February 5, 1942, and the respondent's statement, brief and argument; that on behalf of claimant having been waived.

Under rule 21 of this court the report of the Division of Highways filed in this case is prima facie evidence of the facts set forth therein.

Said report states that on December 26, 1941, shortly after midnight McDonald accompanied by his helper, Clark Weller, left the division garage in Roscoe in a truck owned by the division, and plowed snow on U. S. Route 51 between South Beloit and Rockford. At about 6:00 A. M. they went to Rockton and then plowed snow on S. B. I. Route 2 between South Beloit and Rockford, then returned to Rockton at about 11:15 A. M., they then plowed snow on the Shirland Spur pavement westward from Rockton. At 11:38 A. M., about one mile west of S. B. I. Route 2 they stopped at the crossing of the Chicago, Milwaukee, St. Paul and Pacific Railroad, lifted the plow and proceeded to cross the crossing. A railroad train at that point struck the truck, killed McDonald instantly, and injured Weller so seriously that he died two days later. McDonald was instructed by the Division of Highways to plow snow at these locations. The division had knowledge of the accident the same day on which it occurred. That the division has paid no compensation in this case for disability, but has paid Ten ($10.00) Dollars to the Rosman-Uehling-Kinzer Company, Beloit, Wisconsin, for the transportation of the body of deceased from the site of the accident to Rockford, where an inquest over the body was conducted, and thence to the funeral home of that company in Beloit.

Charles McDonald was first employed by the Division of Highways on March 31, 1941, at the rate of fifty cents an hour. On April 5, 1941, his rate of wages was increased to sixty cents an hour. On November 21, 1941, his rate of wages was increased to sixty-five cents an hour. During the period of his employment McDonald was a truck driver for the division. McDonald, and his predecessor, received wages from the Division of Highways in the total amount of One Thousand Six Hundred Forty-nine Dollars and Ten Cents ($1,649,-10), annually, exclusive of overtime, and eight hours constituted a normal working day.

Upon a full consideration of this case the court finds it has jurisdiction of the parties hereto, and of the subject matter, and that the respondent had proper notice of the accident and death of claimant's intestate. An application for adjust-

ment of claim was filed in apt time as provided in Section 24 of the Workmen's Compensation Act.

This court has decided in a number of cases that an employee of the respondent, engaged as a highway maintenance worker, is such an employee of the State as is entitled to the benefits of the Illinois Workmen's Compensation Act, and are controlling in the present claim.

*Church, et al.,* vs. *State,* 7 C. C. R. 236.
*Lightner* vs. *State,* 8 C. C. R., 354.
*Ferguson* vs. *State,* 8 C. C. R., 589.

In following those decisions the claimant is entitled to an award for the death of her husband. The basis for computing the compensation provided for in Section (7), Paragraph (C), is as follows:

"If the injured person has not been engaged in the employment of the same employee for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location . . . have earned during such periods."

The deceased was employed by the Division of Highways on March 31, 1941, and was killed on December 26, 1941, making his employment period less than one year. The report of the Division of Highways shows that his predecessor was paid One Thousand Six Hundred Forty-nine Dollars and ten cents ($1,649.10) annually, an average weekly wage of Thirty-one Dollars and Seventy-one Cents ($31.71), making his compensation rate amount to Sixteen Dollars and Fifty Cents ($16.50) per week under Section (8) of the Act.

Under Sections (7a) and (7k) of the Workmen's Compensation Act it would appear that the claimant is entitled to an award in the amount of Four Thousand Four Hundred ($4,400.00) Dollars, consisting of the items of Four Thousand ($4,000.00) Dollars maximum for the widow under Section (7a) plus (10%) of this amount or Four Hundred ($400.00) Dollars under the amendment to the law passed in 1941, as to accidents occurring subsequent to July 1, of that year. It further appears from the report of the Division of Highways that the respondent had paid for the ambulance to remove the body of said deceased.

An award is therefore entered in favor of said claimant, Luvillia McDonald in the sum of Four Thousand Four Hundred ($4,400.00) Dollars to be paid to her by the respondent

weekly at the rate of Sixteen Dollars and Fifty Cents ($16.50).

The amount of One Hundred Sixty-five ($165.00) Dollars has accrued as earned compensation for ten (10) weeks from the date of the death to March 6, 1942, and claimant is therefore entitled to payment of that amount at this time, with further monthly payments to be made to her for her use on the basis of Sixteen Dollars and Fifty Cents ($16.50) per week for 256 weeks, until the further sum of Four Thousand Two Hundred Twenty-four ($4,224.00) Dollars has been paid to her, with an additional final payment of Eleven ($11.00) Dollars. Making a total of Four Thousand Four Hundred ($4,400.00) Dollars; such future payments being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.